JAMES H. COE, COUNTY COLLECTOR OF BERGEN COUNTY, RELATOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF ENGLEWOOD CLIFFS AND BENJAMIN WESTERVELT, COLLECTOR.

Submitted March 9, 1902—Decided November 10, 1902.

The fact that after the fixing of the quota of state and county taxes to be levied and collected within a certain borough, a part of the territory of the borough is taken for a public park, and thereby rendered exempt from taxation, does not excuse the borough collector from his duty to pay out of the first moneys collected the full quota of state and county taxes.

On rule to show cause why a peremptory or alternative writ of *mandamus* should not issue.

Before Justices FORT, HENDRICKSON and PITNEY.

For the relator, *Ernest Koester.*

For the defendants, *William M. Seufert.*

The opinion of the court was delivered by

PITNEY, J.   The defendant municipality comprises within its territorial limits a strip of land running along the west shore of the Hudson river, in the county of Bergen, being two and a half miles in length and a half mile in width, and including a part of the Palisades of the Hudson.   In the year 1901 the county board for the equalization of taxation, a body created by virtue of the act of March 22d, 1900 (*Pamph. L., p.* 134), duly fixed the quota of state and county taxes to be levied and collected within the borough at the sum of $3,316.17.   The borough collector, Mr. Westervelt, proceeded in the performance of his duty to collect the taxes within the borough, and prior to the 22d day of December, 1901, he had received moneys from all sources in excess of the sum of $3,500.

By an act approved in 1900 (*Pamph. L., p.* 163), a body politic was created, known as the commissioners of the Palisades Interstate park, which corporation, by the terms of that act, was authorized to acquire, maintain and make available for use as a public park certain lands, including the Palisades of the Hudson.   Pursuant to the authority conferred by this act, on December 19th, 1901, being one day before the taxes for the year 1901 would become a lien upon land by the statute, the commissioners acquired title to the greater part of the shore front of the borough.   The amount of the county and state taxes which had been levied upon the lands thus acquired was $106.45.   On the 22d day of December the borough collector tendered to the county collector the sum of $3,209.72, being the quota of county and state taxes apportioned to the borough, less the sum of $106.45 just mentioned. The borough collector's refusal to pay the latter sum is based upon the contention that, by the devotion to public use of the lands included in the Palisades park, the borough's obligation to make payment to the county collector was *pro tanto* reduced.

This contention cannot prevail.   The case is ruled by *Ross* v. *Walton,* 34 *Vroom* 435; *S. C. on error,* 38 *Id.* 688, and the cases therein cited.

Let a peremptory writ of *mandamus* issue, with costs.